```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

KEVIN MANSON,                  )
                               )
            Plaintiff,         )
                               )
     v.                        )    No. 12 C 5288
                               )
OFICER BRUCE ALTON,            )
                               )
            Defendant.         )
```

## MEMORANDUM ORDER

Kevin Manson ("Manson") has tendered a pro se 42 U.S.C. §1983 ("Section 1983") Complaint against Midlothian police officer Bruce Alton ("Alton"), charging him with the use of excessive force (shooting Manson in the chest) in the course of a June 28, 2010 encounter between the two. This memorandum order ("Order") is issued sua sponte to address some preliminaries that Manson must deal with before his case can go forward.

There is no problem with the Complaint's substantive allegations, for taken at face value (as they must be at this stage of the proceedings) they state a viable Fourth Amendment claim that satisfies the "plausibility" requirement of the Twombly-Iqbal caselaw. Instead the problem is that Manson (who is now in prison at FCI Terre Haute and states that he lacks the funds to pay the $350 filing fee up front) must therefore comply with the requirements of 28 U.S.C. §1915 ("Section 1915") for payment of the fee in future installments.

Indeed, Manson recognizes that, because he has accompanied

the Complaint with a letter to the Clerk of Court asking that he be sent the appropriate forms for him to fill out. This Court is doing so contemporaneously with the issuance of this Order, which also draws Manson's attention to a number of things that he must take care of:

    1. Although the Complaint was not received in the Clerk's Office until July 3, a few days past the second anniversary of the encounter at issue and thus outside of the limitations period for Section 1983 actions, as a prisoner Manson is entitled to the benefit of the "mailbox rule" (<u>Houston v. Lack</u>, 487 U.S. 266 (1988)). Both the Complaint and Manson's accompanying letter are dated June 23, but that does not necessarily mean that Manson delivered the documents to the prison authorities for mailing (or mailed them himself) on that same date. Accordingly Manson's next mailing to the Clerk's Office, as provided for hereafter, should be accompanied by a statement confirming the relevant date referred to in the preceding sentence.

    2. Manson sent only the original Complaint to the Clerk's Office, so that no copies were provided for the service of process on Alton or for this Court's chambers. This Court will of course take care of those items, but Manson is advised that all future filings must be provided

in duplicate--one for the court file and for the other to serve as the Judge's copy.

3. One of the forms being sent to Manson for completion is the In Forma Pauperis Application. That must be accompanied by a printout covering all of the transactions in Manson's prison trust fund account for the year 2012 (if he has not been in custody at FCI Terre Haute for that entire period, a printout from the other institution or institutions has to be furnished).

4. Although Manson has not asked for the appointment of counsel to represent him pro bono publico, this District Court's procedures provide such representation for pro se litigants who qualify both financially and in terms of presenting a facially plausible claim. If Manson wishes also to apply for such an appointment, he must fill out and submit the Motion for Appointment of Counsel form that is also being transmitted to him. It is essential that he complete the portion of that form that states briefly whatever efforts he has made to obtain counsel on his own. This Court will await Manson's further submissions. But if those are not in hand before July 27 (failing which Manson must file a pre-July-27 explanation for any further delay), this Court

would be constrained to dismiss the Complaint and this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2012